2014 VT 49

### STATE of Vermont v. Ann-Marie WHITEWAY

[96 A.3d 473]

No. 14-128

¶ 1. May 6, 2014. Defendant appeals from the trial court's denial of her motion for pretrial home detention on remand from this Court. We affirm the trial court.

¶ 2. Defendant was arraigned for second-degree murder under 13 V.S.A. § 2301 in December 2012. She was held without bail pursuant to 13 V.S.A. § 7553 after a weight-of-the-evidence hearing in January 2013, a decision which defendant did not appeal. In January 2014, defendant filed a motion for pretrial home detention pursuant to 13 V.S.A. § 7554b. After a hearing, the trial court denied defendant's motion with emphasis in its decision on the nature of the crime. On appeal, a three-justice panel of this Court held that the trial court abused its discretion in denying defendant's motion. *State v Whiteway*, 2014 VT 34, 196 Vt. 629, 96 A.3d 1004 (mem.) (*Whiteway I*). This Court held that the trial court (1) improperly considered the nature of the offense multiple times against defendant without articulating factors specific to defendant, (2) did not give weight to the factors contained in § 7554b(b)(2), and (3) second-guessed the manner in which the DOC administers the home-detention program, given that the Legislature has "clearly articulated a preference for home detention, where appropriate, over pretrial incarceration lasting longer than seven days." *Id.* ¶¶ 21-22. We reversed and remanded for further proceedings.

¶ 3. On remand, the trial court evaluated the § 7554b(b) factors: the nature of the offense charged; defendant's prior convictions, history of violence, medical and mental health needs, history of supervision, and risk of flight; and risk or undue burden to persons residing at the residence or risk to third parties or public safety. § 7554b(b)(1)-(3). As to the first factor, the nature of the offense, the court noted that defendant is charged with second-degree murder under 13 V.S.A. § 2301, which carries a maximum penalty of life imprisonment. The court examined the underlying facts of the crime, noting that they "involved the killing of a former romantic partner and it is reasonable to infer from the facts stated in the [probable cause] affidavit that the crime was motivated by jealousy," and that the crime was "extremely violent." As to the second factor, the court found that defendant had one prior DUI conviction and no prior history of violence, failure to appear in court, or unmet medical or mental health needs. However, the court also found that, despite defendant's significant ties to the community, she poses some risk of flight due to the extremely serious nature of the charges and the great evidence of guilt. Finally, as to the third factor, the court

found that home detention would pose a significant risk to a third party because "the circumstances of the crime are such that the court believes the [d]efendant may cause harm to the other woman who was at the scene of the shooting if [d]efendant is not supervised twenty four hours a day — seven days a week." Specifically, the court explained that it believed that the alleged murder was directly related to a romantic breakup, that defendant felt betrayed by the other woman who was living with the victim at the time of the shooting, and that defendant physically assaulted the other woman at the scene of the crime before the shooting occurred. Moreover, the court found that the other woman will likely be a key witness at trial, creating an incentive for defendant to harm her in order to avoid conviction.

¶ 4. Given all of these factors, the court concluded that although defendant would not pose a risk to the general public if confined on home detention, she would pose a risk to the safety of the other woman at the scene of the shooting that could not be adequately managed by home detention, given the limitations on DOC supervision inherent to that program. The court thus once again denied defendant's motion.

¶ 5. On appeal, defendant argues that the court failed to base its decision on factors specific to defendant. Specifically, defendant argues that the court's determinations that defendant poses a risk to the other woman at the scene, and that home detention would not provide adequate security and supervision, were not supported by the evidence.

¶ 6. Our review of the trial court's decision to deny bail is limited to abuse of discretion. *State v. Pellerin*, 2010 VT 26, ¶ 13, 187 Vt. 482, 996 A.2d 204. Because this case is governed by § 7553, the ordinary presumption in favor of bail "is switched so that the norm is incarceration and not release." *State v. Blackmer*, 160

Vt. 451, 458, 631 A.2d 1134, 1139 (1993). Therefore, as we explained in *Whiteway I*, defendant has the burden of proving that home detention is appropriate, and, though the court retains discretion, its decision must be guided by factors specific to defendant under § 7554b(b). 2014 VT 34, ¶ 18.

¶ 7. The trial court did not abuse its discretion here. As to defendant's first argument, the court considered defendant's specific circumstances as to each of the three factors delineated in § 7554b(b). Contrary to defendant's contentions, there was ample evidence to support the court's finding that defendant poses a risk to the woman present at the scene of the crime. The killing in this case is alleged to be related to the breakup of defendant's romantic relationship with the victim. The other woman had recently begun living with the victim prior to the shooting. Defendant is alleged to have physically assaulted the woman at the scene of the crime, and had to be pulled away from her. It was reasonable for the court to conclude from these facts that defendant was not only angry at the victim but also at the other woman, and that defendant might wish to harm her if given the opportunity.

¶ 8. As to defendant's second argument, the court did not merely engage in speculation and second-guessing of the DOC's ability to administer the home detention program. Like in the court's first order, it was error for the court to continue to speculate about whether defendant could remove the GPS monitor "with common household scissors" in order to "leave the approved residence and avoid detection for a significant period of time." However, it was not an abuse of discretion for the court to consider the limitations in the home-detention program "for the purpose of evaluating whether there will be sufficient security at the home to protect public safety, the safety of third persons and to manage any risk of flight." The

court's finding that the home detention program would not provide adequate security was not only based on the security limitations inherent to the program, but also on the court's finding that defendant would pose an unacceptable risk to a third party outside of incarcerative confinement. Because the court's findings on remand were specific to defendant and not solely based on its concerns regarding the home detention program, the court did not "ground[] its decision on the way that DOC has chosen to discharge its responsibilities under the program." *Whiteway*, 2014 VT 34, ¶ 22. For these reasons, the court did not abuse its discretion in denying defendant's motion.

*Affirmed.*