2014 VT 110

**STATE of Vermont v. Stephen PELLETIER**

[108 A.3d 221]

No. 14-291

¶ 1. September 9, 2014. Defendant Stephen Pelletier appeals the trial court's denial of his motion for pretrial home detention pursuant to 13 V.S.A. § 7554b. We affirm.

¶ 2. Defendant was arraigned for first-degree murder under 13 V.S.A. § 2301 on May 21, 2014, and was held without bail under 13 V.S.A. § 7553. On June 24, 2014, defendant filed an application for the home detention program under 13 V.S.A. § 7554b, which states, in pertinent part:

> (b) Procedure. The status of a defendant who is detained pretrial for more than seven days in a correctional facility for lack of bail may be reviewed by the court to determine whether the defendant is appropriate for home detention. . . . After a hearing, the court may order that the defendant be released to the Home Detention Program, providing that the court finds placing the defendant on home detention will reasonably assure his or her appearance in court when required and the proposed residence is appropriate for

home detention. In making such a determination, the court shall consider:

(1) the nature of the offense with which the defendant is charged;

(2) the defendant's prior convictions, history of violence, medical and mental health needs, history of supervision, and risk of flight; and

(3) any risk or undue burden to other persons who reside at the proposed residence or risk to third parties or to public safety that may result from such placement.

¶ 3. Defendant proposed that he live at his home with his family and continue to work there. The trial court found based on that proposal that defendant would be working on his 140-acre farm and in fields located four to five miles away, and that he would be alone in his residence for substantial periods of time. The court questioned whether the GPS monitoring involved in home detention could cover the large area and guarantee defendant's location. As a result, the court expressed concern over the appropriateness of defendant's residence for home detention.

¶ 4. The trial court then considered the § 7554b(b) factors. As to the first factor, the court noted that defendant was charged with first-degree murder, which carries a penalty of 35 years to life imprisonment. *Id.* § 2303(a). The court found strong evidence of premeditation, specifically that defendant discussed obtaining a handgun in March 2014; that he made efforts to avoid detection, performing the alleged killing away from the house and when no one else was home and later concealing the body in a compost pile; and that he maintained his position for six days before the police arrived to investigate the missing person report. The court also found strong evidence of guilt, including defendant's apparent confession.

¶ 5. As to the second factor, the trial court noted that defendant has one prior DUI conviction from 1999 for which he was fined, but that defendant has no other prior history of convictions or supervision. The trial court also noted that there is no evidence of any prior history of violence or medical needs. The court, however, examined the evidence and found defendant's mental health posed a risk of nonappearance. The court found that defendant was suicidal on May 20, 2014, and that "the outlook for his future has not improved since then." The court noted that defendant is 59 years old and likely will spend the rest of his life in prison; because of defendant's strong connection to his farm, the court expressed concern that he may prefer to end his life on the farm rather than spend the rest of his life in prison.

¶ 6. As to the third factor, the trial court considered defendant's "very serious" response to the "adversarial" relationship between defendant and the victim. While the court acknowledged that defendant's alleged actions likely were out of character, it found that because defendant's behavior was unpredictable here, it would be difficult to determine future risk of such behavior.

¶ 7. The court ultimately concluded that defendant did not meet his burden to show that home detention should be ordered, and denied defendant's application.

¶ 8. On appeal, defendant argues that the trial court failed to fairly weigh the factors set out in § 7554b(b). First, defendant argues that the court had no evidence that he was suicidal on May 20th or that his mental health poses a risk of nonappearance. Defendant emphasizes that he had the opportunity to harm himself but did not do so and that the detective testified that on May 20th defendant was not distraught and was able

to control his emotions. Second, defendant argues that the court failed to give weight to any of the factors that supported his release, specifically his strong ties to Vermont; his lack of a prior history of supervision, violence, or special needs; his lack of a significant history of criminality; and testimony that he was a "good man and a hard worker" and a "well-respected farmer." Finally, defendant argues that the court had no basis for concluding that his release posed a risk to public safety or to other household members, particularly given that he has no history of violent or threatening behavior.

¶ 9. We review the trial court's decision to deny bail for abuse of discretion, *State v. Pellerin*, 2010 VT 26, ¶ 13, 187 Vt. 482, 996 A.2d 204, and will uphold the court's decision if it is reasonable. *State v. Foy*, 144 Vt. 109, 115, 475 A.2d 219, 223 (1984). Although the court has discretion to grant or deny defendant's request for home detention, its decision must be rooted in factors specific to defendant under § 7554b(b). In cases governed by § 7553, the ordinary presumption in favor of bail "is switched so that the norm is incarceration and not release." *State v. Blackmer*, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993). Thus, defendant has the burden of proving home detention is appropriate.

¶ 10. We analyzed the scope of the trial courts' discretion in ordering home detention in *State v. Whiteway*, 2014 VT 34, 196 Vt. 629, 95 A.3d 1004 (mem.) (*Whiteway I*), and *State v. Whiteway*, 2014 VT 49, 196 Vt. 638, 96 A.3d 473 (mem.) (*Whiteway II*). In *Whiteway I*, we held that the trial court abused its discretion in denying the defendant's application for home detention because it grounded its decision not on factors specific to the defendant but in its concerns about the way the Department of Corrections administers the home detention program. 2014 VT 34, ¶ 22. Furthermore, the court considered the nature of the offense "in the abstract and not at the facts of the case as charged by the State." *Id.* ¶ 10. For example, the court concluded that the defendant posed a significant risk of flight "because [of] the seriousness of the charge." *Id.* ¶ 7 (alteration in original) (quotation omitted). On remand, in *Whiteway II*, we held that the trial court did not abuse its discretion in again denying the request for home detention because its findings were specific to the defendant. 2014 VT 49, ¶ 8.

¶ 11. The trial court here considered defendant's specific circumstances in weighing the § 7554b(b) factors and therefore did not abuse its discretion in denying defendant's application for home detention. As to defendant's first argument, the court's conclusion that defendant's mental health needs posed a risk of nonappearance was reasonable. The court based its conclusion on testimony regarding defendant's mental health state on May 20th, and that defendant provided no evidence to suggest his mental state since had improved. As to defendant's second argument, the weight the court accorded the factors in support of and against home detention was reasonable. The court did consider the factors that supported defendant's release but ultimately found his mental health needs and the risk of nonappearance outweighed these other factors. As to defendant's final argument, the court's conclusion that it would be difficult to determine that defendant posed no further risk of violent behavior was reasonable. The court did not consider only the nature of the offense, but also considered defendant's character and the unpredictability of his behavior.

¶ 12. It was therefore reasonable on the record before us for the court to conclude that defendant did not meet his burden to show that home detention should be ordered, and the court did not abuse its discretion in denying his application.

¶ 13. Although the above is our decision based on the current record, defendant has asked to modify the record in two respects.

¶ 14. First, by motion, defendant has moved to supplement the record to admit the transcript of defendant's interview with law enforcement on or about May 20, 2014. Defendant argues that this transcript presents the best evidence of defendant's mental health state. The State has opposed this motion and has requested to submit additional material if the transcript sought by defendant is admitted. When reviewing a · release in criminal cases, the record consists of "the charging document, all docket entries, affidavits, all pertinent parts of the transcript of the proceeding of which appeal or review is sought, and any order or orders entered therein." V.R.A.P. 9(c). As noted above, the scope of our review is limited to determining whether the trial court abused its discretion, *Pellerin*, 2010 VT 26, ¶ 13, and we cannot review evidence the trial court did not consider below. We deny defendant's motion.

¶ 15. Second, in argument, defendant has requested that we consider an alternative home confinement regime in which defendant is not allowed to leave the home to work on his farm. Again, this proposal was not presented to the trial court and is not before us. We do not believe that we can consider it for the first time on appeal.

¶ 16. With respect to both these requests, however, we see no barrier to defendant's presentation of them to the trial court in connection with a new motion for home detention.

*Affirmed.*