**ENTRY ORDER**

2017 VT 102

SUPREME COURT DOCKET NO. 2017-353

OCTOBER TERM, 2017

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Criminal Division |
| | } | |
| Peggy L. Shores | } | DOCKET NO. 235-2-17 Rdcr |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant appeals the trial court's September 19, 2017 decision to deny home detention under 13 V.S.A. § 7554b. We affirm.

¶ 2.     Defendant is charged with second-degree murder in violation of 13 V.S.A. § 2301. Defendant was arraigned on February 23, 2017 and, on the same date, the State filed a motion to hold defendant without bail. Defendant was held without bail at the arraignment, pending a weight-of-the-evidence hearing. The trial court held that hearing on March 29, 2017. The court issued a written decision on March 31, 2017, holding defendant without bail after finding that the evidence of guilt was great pursuant to 13 V.S.A. § 7553 and that the factors under § 7554 weighed heavily against defendant's release. Defendant appealed the decision to this Court, where it was affirmed on May 4, 2017. State v. Shores, 2017 VT 37, __ Vt. __, __ A.3d __ (mem.). On May 10, 2017, defendant filed for home detention under § 7554b and listed a home in Wells, Vermont as the prospective residence. The trial court held a hearing on June 6, 2017, during which testimony was taken from the decedent's sisters, the decedent's brother, defendant's son's girlfriend, and the Department of Corrections (DOC). The trial judge issued its ruling on July 24, 2017 (first home-detention denial) denying home detention. This ruling was not appealed.

¶ 3.     On July 25, 2017, defendant filed a second motion for home detention, listing her home in Mount Tabor, Vermont, where the alleged murder took place, as her proposed site for home detention. On August 31, 2017, the trial court held a hearing on defendant's motion. During said hearing, the parties stipulated that the court could consider the testimony collected at the June 6th hearing, produced through transcripts. Additionally, defendant presented testimony from the decedent's sister, defendant's son's girlfriend, and the DOC. The trial court also accepted a stipulated-to proffer by a Vermont State Police trooper. Relying on all of the above, the trial court issued a written decision and order on September 19, 2017 denying defendant's second request for home detention.

¶ 4.     As required by the Home Detention statute, 13 V.S.A. § 7554b(b), the trial court considered three factors when denying defendant's motion:

(1) the nature of the offense with which the defendant is charged;
(2) the defendant's prior convictions, history of violence, medical

and mental health needs, history of supervision, and risk of flight; and (3) any risk or undue burden to other persons who reside at the proposed residence or risk to third parties or to public safety that may result from such placement.

The trial court relied heavily on the July 24th ruling, which denied defendant's first motion for home detention.

¶ 5. The trial court concluded that the first factor, the nature of the offense, favored denying the motion. The trial court agreed with the same reasoning in the first home-detention denial—after considering evidence that suggested defendant shot her husband while standing above him on the stairs in addition to the lack of evidence suggesting a physical confrontation, a killing in the heat of passion, self-defense, or an accident—the nature and circumstances of the crime weighed heavily against defendant. Further, it noted that "[s]ince the nature and circumstances of the crime have not changed [since the first home-detention denial], the Court continues to conclude that the analysis under factor one favors denying the motion."

¶ 6. The court also found that the second factor favored denying the motion. Again, the trial court relied heavily on the first home-detention denial. Citing defendant's 1996 conviction for assault, the court found that defendant had a history of violence that could not be "passed off as youthful indiscretions." Instead, the court found that a conviction resulting from an assault on two people—a law enforcement officer and another—"reduce[d] the Court's confidence that the public can be protected from further violence from defendant." While the court conceded that the other aspects of the second element, including defendant's medical and mental health needs, history of supervision, and risk of flight, weighed in the favor of granting home detention, it concluded that "these 'positive' factors [were] outweighed by her history of convictions and violence such that, overall, factor two favors denying the motion."

¶ 7. Finally, the court found that the third factor also weighed in favor of denying the motion. It noted that the Mount Tabor home met DOC criteria for home detention. But, the court relied on the distance to both the DOC office and the Vermont State Police Rutland Barracks, in combination with defendant's history of convictions involving physical violence and the extremely high degree of violence of the crime, to find that "defendant present[ed] a risk to public safety at the proposed placement." Therefore, after weighing the three factors, the court concluded that defendant had not met her burden of proof to show that the proposed residence was appropriate for home detention, and thus denied the motion.

¶ 8. This Court's "review of the trial court's decision to deny bail is limited to abuse of discretion." State v. Whiteway, 2014 VT 49, ¶ 6, 196 Vt. 638, 96 A.3d 473 (mem.) (Whiteway II). A trial court's decision to deny or grant a defendant's request for home detention "must be rooted in factors specific to defendant under § 7554b(b)." State v. Pelletier, 2014 VT 110, ¶ 9, 197 Vt. 644, 108 A.3d 221 (mem.). We will affirm a trial court's decision "if it is reasonable." Id. Additionally, because this case is governed by § 7553, "the ordinary presumption in favor of bail 'is switched so that the norm is incarceration and not release.' " Id. (quoting State v. Blackmer, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993)). With this, the "defendant has the burden of proving home detention is appropriate." Id.

¶ 9. Defendant argues that the trial court's decision—specifically regarding the third factor—was a direct criticism of the home detention program and in violation of our decision in State v. Whiteway, which mandated an analysis of each factor that is specific to the defendant and prohibited such systematic criticism. 2014 VT 34, ¶ 22, 196 Vt. 629, 95 A.3d 1004 (mem.)

2

(Whiteway I) ("Although the court must consider the risk to public safety in placing a defendant on home detention, we do not view this consideration to include second-guessing how the commissioner administers the home detention program." (citation omitted)). In Whiteway I, the trial court partially based its decision to deny home detention on specific criticisms of the home detention program. Id. ¶ 5 (discussing trial court's findings on nature of home detention program, which trial court solicited sua sponte, including sturdiness of tracking bracelet used by DOC and frequency by which DOC checks GPS tracking information). Here, the trial court's decisions considered evidence specific to defendant regarding all three factors, described above. It then denied home detention based on this balancing and weighing of factors. It did not, as defendant argues, base its denial of home detention on criticisms of the system's administration.

¶ 10. Further, defendant argues that the trial court violated our holding in Whiteway I by relying solely on the nature of the offense charged to conclude that factor two—specifically defendant's flight risk—and factor three weighed against granting home detention. 2014 VT 34, ¶ 21. In Whiteway I, we held that the trial court erred when it "did not articulate any factors specific to [the] defendant herself that weighed against her in the court's reasoning." Id. We disagree that this occurred in this case—the trial court here did articulate factors specific to defendant. Factor two requires the court to consider "defendant's prior convictions, history of violence, medical and mental health needs, history of supervision, and risk of flight." 13 V.S.A. § 7554b(b)(2). As explained above, the court weighed defendant's history of violence and prior convictions against defendant's lack of medical and mental health needs, history of supervision, and risk of flight—what the court called "positive factors"—to conclude that factor two favored denial. Similarly, for factor three, the court relied on the proposed residence's remoteness, defendant's "criminal charge involving an extremely high degree of violence," and defendant's "history of convictions involving physical violence, including an assault on a law enforcement officer" to conclude that "defendant presents a risk to public safety at the proposed placement." The trial court did not solely rely on the nature of the charged offense in support of denying home detention, but instead weighed factors specific to defendant in coming to its conclusion.

¶ 11. On appeal, it is not this Court's role to substitute its discretion and factfinding judgment for that of the trial court. Here, after making the required findings, the trial court concluded that defendant did not satisfy her burden of showing that home detention was appropriate and thus denied defendant's request. We agree that there is sufficient evidence in the record to support this conclusion, and thus the trial court did not abuse its discretion.

Affirmed.

BY THE COURT:

⊠ Publish

☐ Do Not Publish

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice