ENTRY ORDER

2018 VT 62

SUPREME COURT DOCKET NO. 2018-182

JUNE TERM, 2018

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| | } | |
| Joshua Boyer | } | DOCKET NO. 370-4-18 Bncr |

Trial Judge:  William D. Cohen

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant Joshua Boyer appeals the trial court's decision to deny his motion to be released into the home detention program under 13 V.S.A. § 7554b.

¶ 2.     On Saturday, April 21, 2018, defendant was arrested for the alleged sexual assault of his fourteen-year-old daughter, M.B., based on allegations that defendant repeatedly forced her to engage in both oral and vaginal sexual intercourse.  Pending arraignment on the following Monday, the after-hours judge on duty set bail at $10,000 and conditions for release, per the arresting officer's request.  Defendant posted bail over the weekend and returned to court on Monday, April 23, where he was charged with: one count of aggravated sexual assault of a child, repeated, under 13 V.S.A. § 3253a(a)(8); one count of aggravated assault under 13 V.S.A. § 1024(a)(1); and one count of aggravated sexual assault of a child with serious injury under 13 V.S.A. § 3253a(a)(1).  The aggravated assault charge was enhanced to possible life imprisonment under 13 V.S.A. § 11a, the violent career criminal statute.  At the arraignment hearing, the State requested that defendant be held without bail under 13 V.S.A. § 7553(a), which the trial court granted.

¶ 3.     On April 25, defendant applied to be released on pretrial home detention, under 13 V.S.A. § 7554b, to the residence of his mother-in-law.  The trial court held an initial hearing on defendant's motion on May 9.  Defendant called his mother-in-law to testify.  She testified that she was willing to allow defendant to live with her and her boyfriend at her residence and that she understood the requirements of the home detention program.  She also testified that she understood the seriousness of the charges against defendant and that she did not consider defendant a violent person, despite his four previous convictions for aggravated assault and aggravated domestic assault and his violation of an abuse prevention order.  She acknowledged that defendant had only recently come off supervision of the Department of Corrections (Department) days before his arrest.  She also noted that her close neighbors had children living with them.

¶ 4.     The State called two witnesses. First, the State called the investigating detective in the case. The detective testified that he had arrested defendant and that the trial court had released defendant on bail over a weekend. He noted that, a day after defendant posted bail, he went to defendant's residence to look for additional evidence. He alleged that possible evidence had been destroyed—the trash in the victim's room, which allegedly contained condoms used during the most recent sexual assault, had been removed and laundry that possibly contained DNA had been washed. The second witness to testify for the State was M.B. She testified that she had concerns for others' safety—specifically defendant's wife and children—if defendant was released, and that there had been violence in the household while defendant was previously under the supervision of the Department. M.B. also testified that, in her opinion, defendant could partially comply with conditions of release, but noted that he had violated them in the past and thus could do it again.

¶ 5.     At the close of the hearing, the trial court denied defendant's request for home detention, citing the need for more information regarding the proposed residence—including its location, circumstances, and relationship to other homes—and clarification on the details of the monitoring system used in the home detention program. The trial court noted that, while it appreciated the testimony of defendant's mother-in-law, it wanted to hear more information regarding the proposed residence and the monitoring system from a representative of the Department.

¶ 6.     The next hearing was held on May 15. Before witnesses were called, the trial court reiterated that it requested the hearing because it was unable to make the specific findings required regarding risk to the public and to the residents because it did not have any information about the house other than where it was located, and that the second hearing was to give defendant an opportunity to present additional information. Defendant then called two witnesses, both from the Department. The first was a probation officer who visited and inspected the proposed house, and the second was a supervisor at the Department who supervised the county's monitoring system.

¶ 7.     The first witness confirmed that he had conducted the investigation of defendant's mother-in-law's residence. He testified that the residence met the basic requirements of the home detention program, including that there were no firearms or alcohol at the residence, that no one in the residence objected to the proposed home detention, and that the electronic monitoring equipment worked at the residence. He verified that admitted photographs of the property were accurate, and approximated the distances to the neighbors' homes—about 50 feet from one neighbor's home in which juveniles lived and about 75 to 100 feet from another neighbor. The second witness testified how the electronic monitoring system worked, describing the protocol as to how the Department and law enforcement respond to an alert that an individual left the residence where he or she is supposed to be.

¶ 8.     At the close of the second hearing, the trial court denied defendant's motion for release on home detention based on its analysis of the statutory factors of 13 V.S.A. § 7554b. Before explaining its reasoning regarding the statutory factors, the trial court noted its support of the home detention program "especially as it's applied in Bennington County and the way Bennington County Department of Corrections utilizes it, analyzes it, provides the information, and appropriately chooses through a process . . . cases that should fit within the home detention protocols as applied." It went on to comment that it believed the way the system worked in the county was good and that "it is what the [L]egislature intended" and that "it should be utilized in

2

all potential cases." The court then turned to its analysis of the three § 7554b factors. First, it considered "the nature of the offense with which" defendant was charged, 13 V.S.A. § 7554b(b)(1), finding that the charged offenses were serious because if convicted, they came with a sentence of imprisonment for not less than twenty-five years to serve, with a maximum of life. It then considered the second factor—"defendant's prior convictions, history of violence, medical and mental health needs, history of supervision, and risk of flight." 13 V.S.A. § 7554b(b)(2). The trial court found defendant's extensive history of convictions for violent crimes and his violation of probation and parole conditions "the most concerning" and to be "very telling, especially based on the age of the defendant, which is thirty-one." And finally, it turned towards the third factor: "any risk or undue burden to other persons who reside at the proposed residence or risk to third parties or to public safety that may result from such placement." 13 V.S.A. § 7554b(b)(3). The trial court found that while the undue burden to those who reside at the proposed residence was not high, the risk to third parties and to public safety caused it concern. Based on its analysis, the trial court denied defendant's motion for home detention. Defendant timely appealed.

¶ 9.     On appeal, this Court's "review of the trial court's decision to deny bail is limited to abuse of discretion." State v. Whiteway, 2014 VT 49, ¶ 6, 196 Vt. 638, 96 A.3d 473 (mem.) (Whiteway II). The court's decision to grant or deny a defendant's motion for home detention "must be rooted in factors specific to defendant under § 7554b(b)." State v. Pelletier, 2014 VT 110, ¶ 9, 197 Vt. 644, 108 A.3d 221 (mem.). "We will affirm a trial court's decision if it is reasonable." State v. Shores, 2017 VT 102, ¶ 8, __ Vt. __, 179 A.3d 196 (mem.) (quotation omitted). Further, "because this case is governed by § 7553, the ordinary presumption in favor of bail is switched so that the norm is incarceration and not release." Id. (quotation omitted). Thus, defendant "has the burden of proving home detention is appropriate." Pelletier, 2014 VT 110, ¶ 9.

¶ 10.     Defendant argues that the trial court impermissibly based its denial of defendant's release, in part, on issues that the representative from the Department indicated existed with the way the home detention program is run by the Department. This Court has made it clear that "[a]lthough the court must consider the risk to public safety in placing a defendant on home detention, we do not view this consideration to include second-guessing how the commissioner administers the home detention program." State v. Whiteway, 2014 VT 34, ¶ 22, 196 Vt. 629, 95 A.3d 1004 (mem.) (Whiteway I) (citation omitted). In Whiteway I, the trial court partially based its decision to deny home detention on specific criticisms of the home detention program rooted in evidence it solicited, sua sponte, on the nature of the home detention program, including the sturdiness of the tracking bracelet and the frequency by which the Department checks the GPS tracking information. Id. ¶ 5. The Court remanded the denial of home detention in Whiteway I, and "mandated an analysis of each factor that is specific to the defendant and prohibited such systematic criticism." Shores, 2017 VT 102, ¶ 9 (citing Whiteway I, 2014 VT 34, ¶ 22).

¶ 11.     Here, defendant accurately notes that the trial court requested additional information regarding the home detention monitoring system and protocols. Defendant argues that it can then be inferred the trial court impermissibly based its decision on the administration of the program and thus was an abuse of discretion. We do not agree for the same reason which defendant seems to concede in its memorandum of law: "the trial court here did not ground its decision to deny [d]efendant's home detention request on the administration of the program." After receiving both evidence specific to the residence at issue and information about the home detention program in general, the trial court began its analysis with a vote of confidence for the

home detention system as administered in its county, noting that it was "what the [L]egislature intended" and that "it should be utilized in all potential cases." The trial court then methodically analyzed the three factors required by § 7554b(b), considering evidence specific to defendant and the charges against him, described above. After this balancing analysis, the trial court denied defendant's motion for home detention.

¶ 12.    Because defendant has failed to demonstrate that the trial court abused its discretion in denying defendant's motion for home detention, we affirm.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

☒ Publish

_____
Marilyn S. Skoglund, Associate Justice

☐ Do Not Publish

_____
Beth Robinson, Associate Justice