VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No. 24-AP-050



# ENTRY ORDER

FEBRUARY TERM, 2024

State of Vermont v. Devin Hanson*

}
}
}
}
}

APPEALED FROM:
Superior Court, Bennington Unit,
Criminal Division
CASE NO. 23-CR-11308
Trial Judge: Kerry A. McDonald-Cady

In the above-entitled cause, the Clerk will enter:

Defendant Devin Hanson appeals the superior court's amended conditions of release, requesting this Court strike condition 4, requiring supervision by a court-approved responsible adult, and condition 11, imposing a curfew. We affirm.

Defendant was initially charged in August 2023 with reckless endangerment, in violation of 13 V.S.A. § 1025, and with simple assault, in violation of 13 V.S.A. § 1023(a)(1), relating to an altercation with his neighbor. According to the State's probable cause affidavit, defendant confronted neighbor, accusing her of taking his dog, and proceeded to punch her in the head, pull her hair, rip her shirt, and fire one round from his shotgun. In an August 7 order, the court imposed several conditions of release, including requirements that defendant not have contact with neighbor and that he not have or use any firearms. Defendant was released pursuant to the conditions. Neighbor subsequently obtained a protective order against defendant.

On November 13, 2023, police responded to a call from neighbor, who accused defendant of shouting threats at her across their shared property line. According to neighbor, defendant told her that she was "dead already" and that he would burn her house down. Defendant was arrested and charged with two counts of violating his conditions of release, 13 V.S.A. § 7559(e), and one count of violation of an abuse prevention order, 13 V.S.A. § 1030. The court imposed additional conditions of release, including $200 cash bail, curfew, and supervision by a court-approved responsible adult.

On January 12, 2024, defendant moved for a bail hearing, requesting that the court strike the cash bail condition and modify the other conditions of release to permit him to reside in the community. At the bail hearing, held on February 2, defendant argued that the $200 bail condition acted as a hold without bail because he had no ability to obtain the necessary funds. He further argued that conditions 4 and 11, requiring a responsible adult and imposing a curfew, should be struck, and that the court should instead impose a treatment plan.

Ruling on defendant's motion, the court struck the $200 cash bail requirement, but kept in place the responsible-adult and curfew conditions. The court determined that the reckless-endangerment and violation-of-abuse-prevention-order charges qualified as violent misdemeanors under 13 V.S.A. § 7554(a)(2)(A), permitting the court to impose a responsible adult condition. Considering the underlying facts and the statutory factors under § 7554(b)(2), the court concluded that the responsible adult and curfew conditions remained the least-restrictive conditions necessary to reasonably ensure protection of the public. Defendant appealed to this Court.

On appeal, defendant first argues that the responsible-adult and curfew conditions are more restrictive than necessary to protect the public. He suggests that because he will be unable to comply with the responsible adult condition, the effect will be to keep him incarcerated indefinitely, making the condition more restrictive than necessary.

Under 13 V.S.A. § 7556(b), this Court must affirm the trial court's order setting conditions of release if it "is supported by the proceedings below." Where the court determines that "conditions of release imposed to mitigate the risk of flight will not reasonably protect the public," the court may impose the least restrictive conditions that will "reasonably ensure protection of the public." 13 V.S.A. § 7554(a)(2). In imposing these conditions, courts are required to consider several factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the accused's family ties and employment; (4) their character and mental condition; (5) their length of residence in the community; (6) their record of convictions; and (7) their record of appearance at court proceedings. 13 V.S.A. § 7554(b)(2).

Here, the court's findings were supported by the proceedings below. 13 V.S.A. § 7556(b). The court considered each of the statutory factors under § 7554(b)(2) and found that the nature and circumstances of the offense, as well as defendant's character and mental condition, demonstrated that release without supervision would be insufficient to protect the public. While not all of the statutory factors weighed in favor of imposing these conditions, the court appropriately considered and weighed them all.

The court considered and rejected the idea that a condition of curfew would be sufficient by itself to protect the public. The court pointed to various underlying facts that demonstrated the risk to the public, including that defendant previously made violent threats in violation of a protective order and his conditions of release, that he engaged in violent acts while incarcerated that resulted in a separate charge of simple assault against a corrections officer, and that defendant and neighbor reside in an isolated part of Vermont, in a town with no police department, increasing the safety risks to neighbor and the public.

This record supports the court's findings. The court applied the statutory factors, considered the underlying facts, and reasonably concluded that the responsible-adult and curfew conditions were necessary to protect the public. The fact that defendant may be unable to comply with the conditions does not mean that the court abused its discretion in imposing them.

Defendant also argues that the responsible-adult condition is effectively a hold without bail, in violation of the Vermont Constitution. He suggests that because he cannot comply with the condition, he is being incarcerated indefinitely without any of the protections ordinarily available to defendants held without bail under 13 V.S.A. § 7553a. See 13 V.S.A. § 7553b (requiring court to set

bail for person held without bail under § 7553a if trial is not commenced within sixty days and delay is not attributable to defendant).

To raise an argument on appeal, "an appellant must properly preserve it by presenting it to the trial court with specificity and clarity." State v. Boyer, 2021 VT 19, ¶ 18, 214 Vt. 633 (mem.) (quotation omitted). "Failure to preserve issues below results in waiver, even of constitutional issues." Miller-Jenkins v. Miller-Jenkins, 2010 VT 98, ¶ 28, 189 Vt. 518.

Defendant failed to preserve this issue for appeal. He did not raise the issue with the trial court in either the motion for a bail hearing or during the argument on that motion. While defendant argued that he "cannot comply with" the responsible-adult condition, he never suggested that this would amount to an unconstitutional hold without bail. And in its order, the court focused only on statutory arguments, not constitutional ones. Because defendant did not raise the constitutional argument "with specificity and clarity" and the trial court did not address it, the issue is not preserved for appeal. Boyer, 2021 VT 19, ¶ 18; see State v. Farnsworth, No. 23-AP-340, 2023 WL 7405071, *2 (Vt. Nov. 3, 2023) (unpub. mem.) [https://perma.cc/J3MM-KRLE] (declining to address constitutional challenge to responsible-adult condition because trial court did not have fair opportunity to rule on it).

Affirmed.

FOR THE COURT:

_____

Paul Reiber, Chief Justice